UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sorelys C.R.O.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David Venturella, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

File No. 26-cv-3859 (ECT/LIB)

**OPINION AND ORDER**

---

Jason L. Schellack, Autism Advocacy & Law Center, LLC, Minneapolis, MN, for Petitioner Sorelys C.R.O.

Carl Berry and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, and David Easterwood.

---

Petitioner Sorelys C.R.O. is a citizen of Venezuela. Pet. [ECF No. 1] ¶ 11. On March 14, 2024, Sorelys entered the United States at the Paso Del Norte Port of Entry in El Paso, Texas. *Id.* ¶ 12; ECF No. 6-2 at 1. That same day, the Department of Homeland Security issued Sorelys a Notice to Appear and granted her humanitarian parole into the United States pursuant to INA § 212(d)(5). ECF No. 6-2 at 1. The Notice to Appear charged Sorelys as subject to removal pursuant to INA § 212(a)(7)(A)(i)(I), classifying her as "an immigrant who, at the time of application for admission, is not in possession of a

. . . valid entry document required by the Act . . . or document of identity and nationality as required under the regulations issued by the Attorney General."[1] *Id.* at 4.

On December 2, 2025[2], Immigration and Customs Enforcement and the Office of Enforcement and Removal Operations (together "ICE/ERO") encountered Sorelys while she was working for a tree services company in or near Bloomington, Minnesota. Pet. ¶¶ 16, 19; ECF No. 6-1 at 2. Sorelys cooperated with ICE/ERO officers, who claim she "freely admitted being in the United States illegally pending immigration court." ECF No. 6-1 at 2. Officers informed Sorelys that "[they] had a warrant for her arrest" and "transported [her] to the Minneapolis, Minnesota, ICE/ERO office without incident." *Id.* However, the Form I-200 Warrant for Arrest of Alien authorizing Sorelys's arrest was issued and served on December 3, 2025, at Fort Snelling. ECF No. 6-3; *see also* Draves Decl. [ECF No. 6] ¶ 7.

Sorelys is detained at Crow Wing County Jail in Brainerd, Minnesota. Pet. ¶ 6. Sorelys filed her Petition on September 1, 2026, challenging her detention under 28 U.S.C. § 2241 and asserting that her detention violates the Due Process Clause of the Fifth

[1] On February 13, 2026, an immigration judge ordered Sorelys removed to Venezuela. Pet. ¶ 14; ECF No. 6-4 at 3. Sorelys has since filed an appeal, which remains pending. Pet. ¶ 15; Draves Decl. ¶ 10.

[2] In her Petition, Sorelys alleges that she was arrested on December 3, 2025, Pet. ¶ 16, but the record and sworn Declaration of Supervisory Detention and Deportation Officer Steven Draves indicate that Sorelys was arrested on December 2, 2025, ECF No. 6-1 at 2; Draves Decl. ¶ 6. And Respondents confirmed December 2, 2025, as the date of Sorelys's arrest in their response to the Petition. ECF No. 5 at 2. Therefore, on this record, and absent anything to the contrary from Respondents, I find that Sorelys was arrested on December 2, 2025.

Amendment, *see id.* ¶¶ 65–72 (Count I), as well as statutory and Fourth Amendment requirements with respect to her initial arrest, *see id.* ¶¶ 73–77 (Count II). Sorelys requests expedited handling of her Petition, *see id.* at 1, and immediate release, *see id.* at 30. She alleges that her children have lost their home since her detention and that she has been unable to provide for them. *See id.* ¶ 21. She also alleges that her mental and physical health have deteriorated since she was detained in December 2025. *Id.* ¶ 24. At the start of her detention, Sorelys "was deeply concerned about the well-being of her children," but the Petition alleges that she has recently begun displaying "disorganized thinking." *Id.* ¶ 25. She now "refus[es] to leave her jail cell to answer scheduled calls" and "believes that her children have passed away, despite being shown recent images of them." *Id.* ¶ 26. She has "undergone extreme weight loss and is in an emaciated state," "refus[es] to sign any documents that will help her receive medical and mental health care treatment," and "other detainees report[] . . . that she is talking to herself and to the walls." *Id.* ¶¶ 27, 28. On August 31, 2026, Crow Wing County District Court granted an emergency guardianship over Sorelys due to her incapacity. *Id.* ¶ 29; *see also* Order Appointing Limited Emergency Guardian, *In re Emergency Guardianship of Sorelys C.R.O.*, No. 18-PR-26-3223 (Minn. Dist. Ct. Aug. 31, 2026), Index No. 16.

Sorelys's principal argument for her release is that she was arrested without a warrant and ICE/ERO lacked probable cause to arrest her pursuant to the INA's warrantless arrest provision, codified at 8 U.S.C. 1357(a)(2). *See* Pet. ¶¶ 73–77; ECF No. 7. Respondents argue that (1) Seventh Circuit precedent forecloses Sorelys's ability to challenge her arrest in habeas proceedings, *see* ECF No. 5 at 2–6, (2) Sorelys is subject to

detention under 8 U.S.C. § 1225(b)(2), not § 1226(a), *see id.* at 7–10, 15–16, and (3) a warrant is unnecessary to arrest noncitizens like Sorelys who are subject to mandatory detention under § 1225(b)(2), or alternatively, ICE/ERO arrested Sorelys pursuant to a valid warrant after her Notice to Appear was issued, *see id.* at 10–15. Applicable law and the record of Sorelys's arrest support her claim that her arrest was unlawful. Sorelys's Petition will therefore be granted.

Turn first to the issue of whether Sorelys can challenge her arrest in habeas proceedings. Respondents argue that I should "adopt the Seventh Circuit's holding in *Arias* and conclude that an alien may not challenge their underlying arrest in immigration habeas proceedings if the alien is in removal proceedings." ECF No. 5 at 6 (discussing *Arias v. Rogers*, 676 F.2d 1139 (7th Cir. 1982)). I decline to do so. Respondents concede that the Eighth Circuit has not addressed this issue. *See id.* at 5. And the weight of persuasive authority from this District supports that a habeas petitioner in removal proceedings may challenge an unlawful arrest, and release is the appropriate remedy. *See Wilson P. v. Blanche*, No. 26-cv-3448 (JMB/SGE), 2026 WL 2294612, at *5–6 (D. Minn. Aug. 10, 2026); *N.V. v. Blanche*, No. 26-cv-2570 (KMM/EMB), 2026 WL 2209844, at *4–5 (D. Minn. July 31, 2026); *Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D. Minn. June 29, 2026); *Walther A.S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *4 (D. Minn. June 16, 2026); *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 9 (D. Minn. May 26, 2026), ECF No. 9.

Regardless of whether Sorelys is subject to detention under § 1226(a) or § 1225(b)(2), her arrest required either a valid administrative warrant or compliance with 8 U.S.C. § 1357(a)(2), the INA's fallback for a warrantless arrest. *See Islamuddin A.*, No. 26-cv-3340 (ECT/JFD), 2026 WL 2546280, at *4 (D. Minn. Aug. 28, 2026). Respondents had neither. Sorelys was arrested on December 2, 2025. ECF No. 6-1 at 2; *see also* Draves Decl. ¶ 6. The I-200 administrative warrant authorizing Sorelys's arrest was issued on December 3, 2025. ECF No. 6-3; *see also* Draves Decl. ¶ 7. "The problem here . . . is that the warrant was issued after the arrest," *Venancio P.J.*, 2026 WL 1862252, at *2; *see* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1), a fact Respondents do not dispute, Draves Decl. ¶¶ 6–7.

Respondents have not shown that Sorelys's arrest complied with § 1357(a)(2). That provision requires an arresting officer to have "reason to believe that the alien so arrested . . . is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." *Walther A. S.*, 2026 WL 1734906, at *3 (citation modified). Respondents make no argument that Sorelys's arrest complied with § 1357(a)(2). *See* ECF No. 5 at 12 ("Petitioner was arrested with a warrant and analysis for likelihood to escape is unnecessary."). In any event, the record indicates that doing so would be difficult. Sorelys's Form I-213 Record of Deportable/Inadmissible Alien states that when officers questioned Sorelys at the scene of her arrest she "freely admitted being in the United States

illegally pending immigration court." ECF No. 6-1 at 2. And she was transported to the ICE/ERO office "without incident." *Id.* According to Sorelys, at the time of her arrest, she lived with her partner and three children in Bloomington, Minnesota, where her children attended school. *See* ECF No. 7 at 5. She had work authorization and was financially responsible for providing for her children. *Id.* Nothing in the record suggests that Sorelys was likely to flee or that officers would be unable to locate Sorelys before they could issue a warrant.

Because I conclude that Sorelys's arrest was warrantless, and because Respondents have not shown that her arrest complied with § 1357(a)(2), Sorelys's Petition will be granted, and she will be ordered released.[3]

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Petitioner Sorelys C.R.O.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.

2. Respondents are **ORDERED** to release Petitioner from custody by not later than 5:00 p.m. on Tuesday, September 15, 2026.

---

[3] The resolution of this issue in Sorelys's favor makes it unnecessary to consider the Petition's remaining grounds.

3. Respondents are further **ORDERED** to provide Petitioner's counsel with not less than 24 hours' advance notice of the date and time Petitioner will be released so that Petitioner's counsel, guardian, or other designated person may be present for Petitioner's release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 10, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court